MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANDRES YAQUI SOCOP (A/K/A MARIO
TUJAL), PEDRO DE LA LUZ MARTINEZ,
PORFIDIO MUTZUTZ XIQUIN, and
SANTOS CASTILLO, *individually and on*
*behalf of others similarly situated,*

                                   *Plaintiffs*,

             -against-

VENKY'S FOOD CORP.  (D/B/A OM REAL
INDIAN FOOD) and RITA SABHARWAL,

                               *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Andres Yaqui Socop (a/k/a Mario Tujal), Pedro De La Luz Martinez, Porfidio

Mutzutz Xiquin, and Santos Castillo, individually and on behalf of others similarly situated

(collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C.,

upon their knowledge and belief, and as against Venky's Food Corp. (d/b/a Om Real Indian Food),

("Defendant Corporation") and Rita Sabharwal, ("Individual Defendant"), (collectively,

"Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

       1.     Plaintiffs are both current and former employees of Defendants Venky's Food Corp.

(d/b/a Om Real Indian Food) and Rita Sabharwal.

2.      Defendants own, operate, or control an Indian restaurant, located at 1593 Second Avenue, New York, New York 10028 under the name "Om Real Indian Food".

3.      Upon information and belief, individual Defendant Rita Sabharwal, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs have been employed as delivery workers, dish washers, and food preparers at the restaurant located at 1593 Second Avenue, New York, New York 10028.

5.      Plaintiffs have ostensibly been employed as delivery workers. However, they have been required to spend a considerable part of their work day performing non-tipped duties, including but not limited to preparing salads, cutting vegetables, filling containers with juices and juices, filling sauces, cleaning the bathrooms, taking out the trash, and cleaning the basement (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they have worked.

7.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

9.      Defendants have employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties have required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants have paid Plaintiffs at a rate that is lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This has allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and has enabled them to pay them at the tip-credit rate (which they still have failed to do).

13.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Indian restaurant located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

*Plaintiffs*

19.     Plaintiff Andres Yaqui Socop (a/k/a Mario Tujal) ("Plaintiff Yaqui" or "Mr. Yaqui") is an adult individual residing in New York County, New York.

20.     Plaintiff Yaqui was employed by Defendants at Om Real Indian Food from approximately May 6, 2013 until on or about February 7, 2019.

21.     Plaintiff Pedro De La Luz Martinez ("Plaintiff De La Luz" or "Mr. De La Luz") is an adult individual residing in Bronx County, New York.

22.     Plaintiff De La Luz has been employed by Defendants at Om Real Indian Food from approximately June 5, 2013 until the present date.

23.     Plaintiff Porfidio Mutzutz Xiquin ("Plaintiff Mutzutz" or "Mr. Mutzutz") is an adult individual residing in New York County, New York.

24.     Plaintiff Mutzutz was employed by Defendants at Om Real Indian Food from approximately June 2017 until on or about May 6, 2019.

25.     Plaintiff Santos Castillo ("Plaintiff Castillo" or "Mr. Castillo") is an adult individual residing in New York County, New York.

26.     Plaintiff Castillo has been employed by Defendants at Om Real Indian Food from approximately June 2012 until the present date.

*Defendants*

27.     At all relevant times, Defendants owned, operated, or controlled an Indian restaurant, located at 1593 Second Avenue, New York, New York 10028 under the name "Om Real Indian Food".

28.     Upon information and belief, Venky's Food Corp. (d/b/a Om Real Indian Food) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1593 Second Avenue, New York, New York 10028.

29.     Defendant Rita Sabharwal is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rita Sabharwal is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Rita Sabharwal possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

30.     Defendants operate an Indian restaurant located in the Upper East Side section of Manhattan in New York City.

31.     Individual Defendant, Rita Sabharwal, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

32.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

34.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

36.     Upon information and belief, Individual Defendant Rita Sabharwal operates Defendant Corporation as either an alter ego of herself and/or fails to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for her own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of her own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

37.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

38.    In each year from 2013 to the present, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.    In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

40.     Plaintiffs are both current and former employees of Defendants who ostensibly have been employed as delivery workers, dish washers, and food preparers.

41.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Andres Yaqui Socop (a/k/a Mario Tujal)*

42.     Plaintiff Yaqui was employed by Defendants from approximately May 6, 2013 until on or about February 7, 2019.

43.     Defendants ostensibly employed Plaintiff Yaqui as a delivery worker.

44.     Plaintiff Yaqui regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

45.     Plaintiff Yaqui's work duties required neither discretion nor independent judgment.

46.     From approximately May 6, 2013 until on or about February 2019, Plaintiff Yaqui worked from approximately 5:00 p.m. until on or about 10:15 p.m., four days a week and from approximately 5:00 p.m. until on or about 10:45 p.m., two days a week (typically 32.5 hours per week).

47.     From approximately May 2013 until on or about October 2016, Defendants paid Plaintiff Yaqui his wages in cash.

48.     From approximately November 2016 until on or about February 2019, Defendants paid Plaintiff Yaqui his wages by personal check.

49.     From approximately May 2013 until on or about December 2015, Defendants paid Plaintiff Yaqui a fixed salary of $18.00 per shift.

50.     From approximately January 2015 until on or about December 2017, Defendants paid Plaintiff Yaqui a fixed salary of $20.00 per shift.

51.    From approximately January 2018 until on or about February 2019, Defendants paid Plaintiff Yaqui a fixed salary of $25.00 per shift.

52.    Defendants never granted Plaintiff Yaqui any breaks or meal periods of any kind.

53.    Plaintiff Yaqui was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

54.    On a number of occasions, Defendants required Plaintiff Yaqui to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

55.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Yaqui regarding overtime and wages under the FLSA and NYLL.

56.    Defendants did not provide Plaintiff Yaqui an accurate statement of wages, as required by NYLL 195(3).

57.    Defendants did not give any notice to Plaintiff Yaqui, in English and in Spanish (Plaintiff Yaqui's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.    Defendants required Plaintiff Yaqui to purchase "tools of the trade" with his own funds—including three bicycles, five vests, and one lock.

*Plaintiff Pedro De La Luz Martinez*

59.    Plaintiff De La Luz has been employed by Defendants from approximately June 5, 2013 until the present date.

60.    Defendants have ostensibly employed Plaintiff De La Luz as a delivery worker.

61.    Plaintiff De La Luz has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

62.     Plaintiff De La Luz's work duties have required neither discretion nor independent judgment.

63.     Throughout his employment with Defendants, Plaintiff De La Luz has regularly worked in excess of 40 hours per week.

64.     From approximately June 5, 2013 until on or about June 2015, Plaintiff De La Luz worked from approximately 11:00 a.m. until on or about 3:00 p.m. and from approximately 5:00 p.m. until on or about 10:10 p.m., four days a week and from approximately 11:00 a.m. until on or about 3:00 p.m. and from approximately 5:00 p.m. until on or about 10:40 p.m., two days a week (typically 56 hours per week).

65.     From approximately June 2015 until the present date, Plaintiff De La Luz has worked from approximately 5:00 p.m. until on or about 10:10 p.m., four days a week and from approximately 5:00 p.m. until on or about 10:40 p.m., two days a week (typically 31 hours per week).

66.     From approximately June 2013 until on or about December 2016, Defendants paid Plaintiff De La Luz his wages in cash.

67.     From approximately January 2017 until the present date, Defendants have paid Plaintiff De La Luz his wages by personal check.

68.     From approximately June 2013 until on or about December 2016, Defendants paid Plaintiff De La Luz a fixed salary of $16.00 per shift.

69.     From approximately December 2016 until the present date, Defendants have paid Plaintiff De La Luz a fixed salary of $25.00 per shift.

70.     Plaintiff De La Luz has not been required to keep track of his time, nor to his knowledge, have the Defendants utilize any time tracking device such as punch cards, that accurately reflects his actual hours worked.

71.     On a number of occasions, Defendants have required Plaintiff De La Luz to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

72.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff De La Luz regarding overtime and wages under the FLSA and NYLL.

73.     Defendants have never provided Plaintiff De La Luz an accurate statement of wages, as required by NYLL 195(3).

74.     Defendants have never given any notice to Plaintiff De La Luz, in English and in Spanish (Plaintiff De La Luz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

75.     Defendants have required Plaintiff De La Luz to purchase "tools of the trade" with his own funds—including three bicycles and bicycle maintenance.

*Plaintiff Porfidio Mutzutz Xiquin*

76.     Plaintiff Mutzutz was employed by Defendants from approximately June 2017 until on or about May 6, 2019.

77.     Defendants ostensibly employed Plaintiff Mutzutz as a delivery worker.

78.     However, Plaintiff Mutzutz was also required to spend a significant portion of his work day performing the non-tipped duties described above.

79.     Although Plaintiff Mutzutz ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

80.     Plaintiff Mutzutz regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

81.     Plaintiff Mutzutz's work duties required neither discretion nor independent judgment.

82.     From approximately June 2017 until on or about May 6, 2019, Plaintiff Mutzutz worked from approximately 5:00 p.m. until on or about 11:00 p.m., six days a week (typically 30 hours per week).

83.     From approximately June 2017 until on or about July 2017, Defendants paid Plaintiff Mutzutz his wages in cash.

84.     From approximately July 2017 until on or about May 6, 2019, Defendants paid Plaintiff Mutzutz his wages by personal check.

85.     From approximately June 2017 until on or about December 2017, Defendants paid Plaintiff Mutzutz a fixed salary of $20.00 per shift.

86.     From approximately January 2018 until on or about May 6, 2019, Defendants paid Plaintiff Mutzutz a fixed salary of $25.00 per shift.

87.     For approximately one week of work, Defendants did not pay Plaintiff Mutzutz any wages for his work.

88.     Plaintiff Mutzutz's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

89.     For example, Defendants required Plaintiff Mutzutz to work an additional 30 minutes past his scheduled departure time six days a week, and did not pay him for the additional time he worked.

90.     Defendants never granted Plaintiff Mutzutz any breaks or meal periods of any kind.

91.     Plaintiff Mutzutz was never notified by Defendants that his tips were being included as an offset for wages.

92.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Mutzutz's wages.

93.    Plaintiff Mutzutz was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

94.    On a number of occasions, Defendants required Plaintiff Mutzutz to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

95.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mutzutz regarding overtime and wages under the FLSA and NYLL.

96.    Defendants did not provide Plaintiff Mutzutz an accurate statement of wages, as required by NYLL 195(3).

97.    Defendants did not give any notice to Plaintiff Mutzutz, in English and in Spanish (Plaintiff Mutzutz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

98.    Defendants required Plaintiff Mutzutz to purchase "tools of the trade" with his own funds—including two bicycles, ten vests, monthly bicycle maintenance, and five helmets.

*Plaintiff Santos Castillo*

99.    Plaintiff Castillo has been employed by Defendants from approximately June 2012 until the present date.

100.    Defendants have employed Plaintiff Castillo as a dishwasher, food preparer, and a delivery worker on a few occasions.

101.    Plaintiff Castillo has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

102.    Plaintiff Castillo's work duties have required neither discretion nor independent judgment.

103.    Throughout his employment with Defendants, Plaintiff Castillo has regularly worked in excess of 40 hours per week.

104.    From approximately May 2013 until the present date, Plaintiff Castillo has worked from approximately 11:00 a.m. until on or about 3:00 p.m. and from approximately 5:00 p.m. until on or about 10:30 p.m., four days a week, from approximately 11:00 a.m. until on or about 3:00 p.m. and from approximately 5:00 p.m. until on or about 11:00 p.m., one day a week, and from approximately 11:00 a.m. until on or about 5:00 p.m. and from approximately 7:00 p.m. until on or about 11:00 p.m., one day a week (typically 58 hours per week).

105.    Throughout his employment, Defendants have paid Plaintiff Castillo his wages in cash.

106.    From approximately May 2013 until on or about December 2015, Defendants paid Plaintiff Castillo a fixed salary of $400 per week.

107.    From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Castillo a fixed salary of $420 per week.

108.    From approximately January 2017 until on or about September 2018, Defendants paid Plaintiff Castillo a fixed salary of $440 per week.

109.    From approximately October 2018 until the present date, Defendants have paid Plaintiff Castillo a fixed salary of $550 per week.

110.    Plaintiff Castillo has not been required to keep track of his time, nor to his knowledge, have the Defendants utilize any time tracking device such as punch cards, that accurately reflects his actual hours worked.

111.    On a number of occasions, Defendants have required Plaintiff Castillo to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

112.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Castillo regarding overtime and wages under the FLSA and NYLL.

113.    Defendants have never provided Plaintiff Castillo an accurate statement of wages, as required by NYLL 195(3).

114.    Defendants have never given any notice to Plaintiff Castillo, in English and in Spanish (Plaintiff Castillo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

115.    Defendants have required Plaintiff Castillo to purchase "tools of the trade" with his own funds—including four bicycles.

*Defendants' General Employment Practices*

116.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

117.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

118.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and have resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

119.    Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

120.    Defendants have required Plaintiffs and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

121.    Plaintiffs and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

122.    Plaintiffs' duties have not been incidental to their occupation as tipped workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

123.    Plaintiffs and all other tipped workers have been paid at a rate that is lower than the lower tip-credit rate by Defendants.

124.    However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and these Plaintiffs' non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

125.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

126.    In violation of federal and state law as codified above, Defendants have classified Plaintiffs and other tipped workers as tipped employees, and have paid them at a rate that is lower

than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

127.    Defendants have failed to inform Plaintiffs who receive tips that Defendants intend to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

128.    Defendants have failed to inform Plaintiffs who received tips, that their tips are being credited towards the payment of the minimum wage.

129.    Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as delivery workers for the tips they received. Defendants' time keeping system has not reflect the actual hours that Plaintiff Yaqui worked.

130.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

131.    On a number of occasions, Defendants have required Plaintiffs to sign a document the contents of which they have not been allowed to review in detail.

132.    Defendants have paid Plaintiffs their wages in cash and then by personal check.

133.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

134.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

135.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

136.    Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

137.    Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

138.    Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

139.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf

of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

140.    At all relevant times, Plaintiffs and other members of the FLSA Class have been similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

141.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

142.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

143.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

144.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

145.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

146.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the

applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

147.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

148.     Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

149.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

150.     Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

151.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

152.     Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

153.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

154.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

155.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

156.    Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

157.    Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

158.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

159.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

160.    Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

161.    Plaintiffs have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

162.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

163.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed

as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

164.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

165.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

166.     With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

167.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

168.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

169.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

170.    Plaintiffs have been damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

171.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

172.    Defendants have not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

173.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiffs;

(k)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiffs;

(m)    Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 20, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace

Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 16, 2019
BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Andres Yaqui Socop

                                  Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

Date / Fecha:                     16 de mayo de 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                    Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 8, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Pedro De La Luz Martinez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:                 _____

Date / Fecha:                       3 de Mayo 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 8, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Porfidio Mutzutz  Xiquin

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              8 de Mayo del 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 8, 2019
BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Santos Castillo

                                       Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

                                       08 de mayo de 2019

Date / Fecha:

*Certified as a minority-owned business in the State of New York*