# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510                                                    Telephone: (212) 317-1200
New York, New York 10165                                               Facsimile: (212) 317-1620
_____

gnaydenskiy@faillacelaw.com

March 10, 2020

**<u>VIA ECF</u>**
Hon. Paul G. Gardephe
United States District Court
40 Foley Square
New York, New York 10007

**Re:**     *Andres Yaqui Socop (a/k/a Mario Tujal), et. al. v. Venky's Food Corp.*
             *(d/b/a OM Real Indian Food), et. al.*
             <u>Case No. 19-cv-04631 (PGG)(GWG)</u>

Dear Judge Gardephe:

This office represents Plaintiffs in the above referenced matter. The parties have agreed to a settlement after attending mediation. A copy of the Settlement and Release Agreement (the "Agreement") is attached hereto as Exhibit A[1]. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## <u>BACKGROUND</u>

Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), and the New York Labor Law.. Plaintiff also alleged other New York Labor Law claims, including claims for the annual notice and wage statement requirements. Defendant Rita Sabharwal never appeared in this action and Defendant Venky's Food Corp. claims to have no knowledge of anyone by that name.

---

[1] All Parties have agreed to the terms of the Agreement. Once the Agreement has been signed, we will also file the fully executed copy of the Agreement. Accordingly, we request a deadline of 3/13/20 to submit the fully executed agreement.

## SETTLEMENT TERMS

Plaintiffs allege that, if they are successful, they could be entitled to back wages of approximately $247,067.35 as their best case scenario, a total which Defendant Venky's Food Corp. strongly disagrees with.  In addition, and perhaps most significantly,  Defendant Venky's Food Corp. contends that it is in the process of closing.  As such, Defendant Venky's Food Corp. contends that it would have significant difficulties paying any judgment and/or any larger settlement amount.  Thus, in order to avoid the legal and factual risks of protracted litigation, including the substantial uncertainty of how much, if anything, Plaintiffs could be awarded at trial, and the substantial risk of attempting to collect an uncollectable judgment, Plaintiffs and Defendant Venky's Food Corp. have agreed to settle this action for the total sum of $100,000.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Therefore, Plaintiffs believe the settlement is reasonable because of the inherent risks of litigation and because of the substantial risk that Defendant Venky's Food Corp. will not be able to withstand a greater judgment.

## ATTORNEYS' FEES

Page 3

Plaintiffs' counsel will receive $33,681.81.  To calculate this amount,  $523 (for costs) was deducted from the $100,000 settlement amount and then the remaining number was divided by three to determine the contingency fee amount.  $523 in costs was then added to the contingency fee amount which represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees)[2].

Courts have ruled that a one-third contingency fee plus costs is reasonable. *Alvarez v Sterling Portfolio Inv. L.P.*, 2017 US Dist LEXIS 206043, at *16 [EDNY Dec. 13, 2017]) (Judge Scanlon ruled that a one-third attorney fee is typical with no requirement for a lodestar cross check); *See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants.*, No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted). Accordingly, here, Plaintiffs' counsel respectfully requests Your Honor approve a one-third contingency fee plus costs to be paid out of the Settlement Amount.

## CONCLUSION

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

---

[2] In order to have the 30 payment payout calculations easier, the amount counsel will receive is 19 cents less than the above described calculation.

Page 4


Gennadiy Naydenskiy


Encls.

# EXHIBIT A

## <u>AMENDED SETTLEMENT AND RELEASE AGREEMENT</u>

This Amended Settlement and Release Agreement (the "Agreement") is entered into by and among Plaintiffs Andres Yaqui Socop (a/k/a Mario Tujal), Pedro De La Luz Martinez, Porfidio Mutzutz Xiquin, and Santos Castillo (collectively the "Plaintiffs") on the one hand, and Venky's Food Corp. (d/b/a OM Real Indian Food) ("Venky's Food Corp.") and Subhash Chilka ("Chilka"), on the other hand.

**WHEREAS**, Plaintiffs commenced an action against Venky's Food Corp. and Rita Sabharwal in the United States District Court for the Southern District of New York (the "Court"), bearing docket no. 19-cv-04631 (PGG) (the "Action") by filing a Complaint on May 20, 2019 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL");

**WHEREAS**, Venky's Food Corp. filed an Answer to the Complaint on July 19, 2019, and denies allegations by Plaintiffs;

**WHEREAS**, Chilka is an owner of Venky's Food Corp.;

**WHEREAS**, on November 15, 2019, Plaintiffs and Venky's Food Corp. engaged in a Court-Ordered mediation with mediator Susan Ritz, Esq. at which an agreement in principle was reached to settle the Action;

**WHEREAS**, Plaintiffs, Venky's Food Corp., and Chilka (collectively the "Parties") desire to resolve all disputes between them without the necessity of further litigation;

**WHEREAS**, Venky's Food Corp. and Chilka signed a Settlement and Release Agreement on January 24, 2020, which the Parties have now agreed to amend;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiffs' claims and Venky's Food Corp.'s defenses and of the bona fide dispute between the Parties;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.     In consideration of the payment collectively to Plaintiffs collectively by Venky's Food Corp. and Chilka of the gross sum of One Hundred Thousand Dollars and Zero Cents ($100,000.00) (the "Settlement Amount"), Andres Yaqui Socop (a/k/a Mario Tujal), Pedro De La Luz Martinez, Porfidio Mutzutz Xiquin, and Santos Castillo hereby release and forever discharge Venky's Food Corp., d/b/a OM Real Indian Food Restaurant and Subhash Chilka, each of Venky's Food Corp.'s current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of Subhash Chilka's heirs, executors, administrators, agents, successors, and assigns, as well as anyone employed by Venky's Food Corp., anyone deemed by any of the Plaintiffs to be an "employer" during their employment with Venky's Food Corp., and Venky's Food Corp.'s predecessors, successors, parent companies, holding companies, and subsidiaries, all in their respective capacity as such, (all said individuals and entities referenced above are, with Venky's Food Corp., hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiffs, their heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including but not limited to, all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid

2

bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid deferred payment, unpaid accrued benefit time, liquidated damages, unpaid reimbursement of equipment cost, statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions). This Release shall include, without limitation, any and all claims alleged by Plaintiffs in this Action.

2.     The Parties agree to execute a "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit A,** which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement.

3.     The Parties agree that the Settlement Amount shall be paid as follows:

(a)     The portion of the Settlement Amount payable to Andres Yaqui Socop (a/k/a Mario Tujal) shall be paid in Thirty (30) equal monthly installments as set forth below, due upon the 1st of each month. Venky's Food Corp.'s and Chilka's collective payment obligations for such installments shall commence upon the 1st of the next month following the later of thirty (30) days after (a) Venky's Food Corp's counsel receives a duly executed Agreement signed and notarized by each of the Plaintiffs; (b) Venky's Food Corp.'s counsel receives a completed IRS Form W-4 for Andres Yaqui Socop (a/k/a Mario Tujal); and (c) Venky's Food Corp.'s counsel receives a completed IRS Form W-9 for Andres Yaqui Socop (a/k/a Mario Tujal). Venky's Food Corp. and Chilka shall collectively pay each monthly installment of Andres Yaqui Socop (a/k/a Mario Tujal)'s portion of the Settlement Amount by issuing:

i. One (1) check payable to "Andres Yaqui Socop, a/k/a Mario Tujal" in the gross amount of Two Hundred Twenty Seven Dollars and Fifty Cents

($227.50), less all applicable tax withholdings and deductions, representing payment for Andres Yaqui Socop (a/k/a Mario Tujal)'s alleged unpaid wages; and

ii. One (1) check payable to "Andres Yaqui Socop, a/k/a Mario Tujal" in the total amount of Two Hundred Twenty Seven Dollars and Fifty Cents ($227.50), representing payment for Andres Yaqui Socop (a/k/a Mario Tujal)'s alleged liquidated damages.

(b)    The portion of the Settlement Amount payable to Pedro De La Luz Martinez shall be paid as follows:

i. On the 1st of the next month following the later of thirty (30) days after (a) Venky's Food Corp's counsel receives a duly executed Agreement signed and notarized by each of the Plaintiffs; (b) Venky's Food Corp.'s counsel receives a completed IRS Form W-4 for Pedro De La Luz Martinez; and (c) Venky's Food Corp.'s counsel receives a completed IRS Form W-9 for Pedro De La Luz Martinez, Venky's Food Corp. and Chilka shall collectively pay the first installment of Pedro De La Luz Martinez's portion of the Settlement Amount by issuing:

a. One (1) check payable to "Pedro De La Luz Martinez" in the gross amount of Three Hundred Thirty Five Dollars and Ninety Three Cents ($335.93), less all applicable tax withholdings and deductions, representing payment for Pedro De La Luz Martinez's alleged unpaid wages; and

b. One (1) check payable to "Pedro De La Luz Martinez" in the total amount of Three Hundred Thirty Five Dollars and Ninety Three

Cents ($335.93), representing payment for Pedro De La Luz Martinez's alleged liquidated damages.

ii.  The remaining portion of the Settlement Amount payable to Pedro De La Luz Martinez shall be paid in Twenty Nine (29) equal monthly installments, due upon the 1st of each month, and commencing on the 1st of the month following Venky's Food Corp. and Chilka's payment of the settlement checks identified in Paragraphs 3(b)(i)(a) and 3(b)(i)(b) of the Agreement. Venky's Food Corp. and Chilka shall collectively pay each monthly installment of the remaining portion of Pedro De La Luz Martinez's portion of the Settlement Amount by issuing:

a.  One (1) check payable to "Pedro De La Luz Martinez" in the gross amount of Three Hundred Thirty Five Dollars and Eighty Three Cents ($335.83), less all applicable tax withholdings and deductions, representing payment for Pedro De La Luz Martinez's alleged unpaid wages; and

b.  One (1) check payable to "Pedro De La Luz Martinez" in the total amount of Three Hundred Thirty Five Dollars and Eighty Three Cents ($335.83), representing payment for Pedro De La Luz Martinez's alleged liquidated damages.

(c)  The portion of the Settlement Amount payable to Porfidio Mutzutz Xiquin shall be paid as follows:

i.  On the 1st of the next month following the later of thirty (30) days after (a) Venky's Food Corp's counsel receives a duly executed Agreement signed and notarized by each of the Plaintiffs; (b) Venky's Food Corp.'s counsel

5

receives a completed IRS Form W-4 for Porfidio Mutzutz Xiquin; and (c) Venky's Food Corp.'s counsel receives a completed IRS Form W-9 for Porfidio Mutzutz Xiquin, Venky's Food Corp. and Chilka shall collectively pay the first installment of Porifidio Mutzutz Xiquin's portion of the Settlement Amount by issuing:

    a. One (1) check payable to "Porfidio Mutzutz Xiquin" in the gross amount of One Hundred Twenty Nine Dollars and Fifty Two Cents ($129.52), less all applicable tax withholdings and deductions, representing payment for Porfidio Mutzutz Xiquin's alleged unpaid wages; and

    b. One (1) check payable to "Porfidio Mutzutz Xiquin" in the total amount of One Hundred Twenty Nine Dollars and Fifty Three Cents ($129.53), representing payment for Porfidio Mutzutz Xiquin's alleged liquidated damages.

ii. The remaining portion of the Settlement Amount payable to Porfidio Mutzutz Xiquin shall be paid in Twenty Nine (29) equal monthly installments, due upon the 1st of each month, and commencing on the 1st of the month following Venky's Food Corp. and Chilka's payment of the settlement checks identified in Paragraphs 3(c)(i)(a) and 3(c)(i)(b) of the Agreement. Venky's Food Corp. and Chilka shall collectively pay each monthly installment of the remaining portion of Porfidio Mutzutz Xiquin's portion of the Settlement Amount by issuing:

    a. One (1) check payable to "Porfidio Mutzutz Xiquin" in the gross amount of One Hundred Thirty Dollars and Thirty Three Cents

($130.33), less all applicable tax withholdings and deductions, representing payment for Porfidio Mutzutz Xiquin's alleged unpaid wages; and

b. One (1) check payable to "Porfidio Mutzutz Xiquin" in the total amount of One Hundred Thirty Dollars and Thirty Three cents ($130.33), representing payment for Porfidio Mutzutz Xiquin's alleged liquidated damages.

(d)    The portion of the Settlement Amount payable to Santos Castillo shall be paid as follows:

i.  On the 1st of the next month following the later of thirty (30) days after (a) Venky's Food Corp's counsel receives a duly executed Agreement signed and notarized by each of the Plaintiffs; (b) Venky's Food Corp.'s counsel receives a completed IRS Form W-4 for Santos Castillo; and (c) Venky's Food Corp.'s counsel receives a completed IRS Form W-9 for Santos Castillo, Venky's Food Corp. and Chilka shall collectively pay the first installment of Santos Castillo's portion of the Settlement Amount by issuing:

a. One (1) check payable to "Santos Castillo" in the gross amount of Four Hundred Eleven Dollars and Fifty Seven Cents ($411.57), less all applicable tax withholdings and deductions, representing payment for Santos Castillo's alleged unpaid wages; and

b. One (1) check payable to "Santos Castillo" in the total amount of Four Hundred Eleven Dollars and Fifty Seven Cents ($411.57),

representing payment for Santos Castillo's alleged liquidated damages.

ii.  The remaining portion of the Settlement Amount payable to Santos Castillo shall be paid in Twenty Nine (29) equal monthly installments, due upon the 1st of each month, and commencing on the 1st of the month following Venky's Food Corp. and Chilka's payment of the settlement checks identified in Paragraphs 3(d)(i)(a) and 3(d)(i)(b) of the Agreement. Venky's Food Corp. and Chilka shall collectively pay each monthly installment of the remaining portion of Santos Castillo's portion of the Settlement Amount by issuing:

a.  One (1) check payable to "Santos Castillo" in the gross amount of Four Hundred Eleven Dollars and Sixty Seven Cents ($411.67), less all applicable tax withholdings and deductions, representing payment for Santos Castillo's alleged unpaid wages; and

b.  One (1) check payable to "Santos Castillo" in the total amount of Four Hundred Eleven Dollars and Sixty Seven Cents ($411.67), representing payment for Santos Castillo's alleged liquidated damages.

(e)  The portion of the Settlement Amount payable to Michael Faillace & Associates, P.C. shall be paid as follows:

i.  On the 1st of the next month following the later of thirty (30) days after a) Venky's Food Corp's counsel receives a duly executed Agreement signed and notarized by each of the Plaintiffs; and (b) Venky's Food Corp.'s counsel receives a completed IRS Form W-9 for Michael Faillace &

Associates, P.C., Venky's Food Corp. and Chilka shall collectively pay the first installment of Michael Faillace & Associates, P.C.'s portion of the Settlement Amount by issuing:

    a. One (1) check payable to "Michael Faillace & Associates, P.C." in the total amount of One Thousand One Hundred Twenty Four Dollars and Sixty Seven Cents ($1,124.67), representing payment of Plaintiffs' attorneys' fees and costs.

ii. The remaining portion of the Settlement Amount payable to Michael Faillace & Associates, P.C. shall be paid in Twenty Nine (29) equal monthly installments, due upon the 1st of each month, and commencing on the 1st of the month following Venky's Food Corp. and Chilka's payment of the settlement check identified in Paragraph 3(e)(i)(a) of the Agreement. Venky's Food Corp. and Chilka shall collectively pay each monthly installment of the remaining portion of Michael Faillace & Associates, P.C.'s portion of the Settlement Amount by issuing:

    a. One (1) check payable to "Michael Faillace & Associates, P.C." in the total amount of One Thousand One Hundred Twenty Two Dollars and Sixty Six Cents ($1,122.66), representing payment of Plaintiffs' attorneys' fees and costs.

(f) If any settlement payments are due prior to the Court's So Ordering of the "Joint Stipulation for Dismissal with Prejudice," Venky's Food Corp. and Chilka agree to deliver such settlement checks to counsel for Venky's Food Corp. who can hold such settlement checks in escrow until the Court's So Ordering of the "Joint Stipulation for Dismissal with Prejudice." Upon the

Court's So Ordering of the "Joint Stipulation for Dismissal with Prejudice," any settlement checks held in escrow by Venky's Food Corp.'s counsel shall be delivered to Plaintiffs' counsel at their offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165.

(g)     Plaintiffs must provide counsel for Venky's Food Corp. with a Form W-4 and Form W-9 setting forth their valid Social Security Number or their valid Tax Identification Number prior to receiving their respective portion of the Settlement Amount.  For the avoidance of doubt, Plaintiffs shall not be entitled to receive any portion of their respective portion of the Settlement Amount unless and until they provide counsel for Venky's Food Corp. with a Form W-4 and Form W-9 setting forth their valid Social Security Number or their valid Tax Identification Number.  Under no circumstances shall Venky's Food Corp. and Chilka be obligated to pay any portion of the Settlement Amount due to any Plaintiff that does not provide the requisite tax forms.  No action herein by any Plaintiff who fails to provide the requisite tax forms to counsel for Venky's Food Corp. shall delay payment to any other Plaintiff who does provide such tax forms, or to Michael Faillace & Associates, P.C. if it provides a Form W-9.

(h)     Plaintiffs further agree and acknowledge that any Plaintiff who does not provide counsel for Venky's Food Corp. with the requisite Form W-4 and Form W-9 within two (2) years from the date he signs this Agreement shall forfeit any right to payment under the Agreement.  Plaintiffs agree and acknowledge that if they forfeit their right to payment in accordance with this Paragraph, all other sections of the Agreement, including the release set forth in Paragraph 1 of the Agreement, shall remain in full force and effect.

(i)    All settlement checks due after the Court's So Ordering of the "Joint Stipulation for Dismissal with Prejudice," shall be delivered to Plaintiffs' counsel, via overnight delivery for immediate deposit, at their offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165, and shall be deemed received by Plaintiffs upon Plaintiffs' counsel's receipt of such delivery.

(j)    In the event of a breach of this Agreement by Venky's Food Corp. and Chilka for Plaintiffs' failure to timely receive the payments set forth in Paragraphs 3(a) through 3(e) of this Agreement, Plaintiffs, by their attorneys, shall send written notice of such breach by e-mail and first-class mail to Venky's Food Corp.'s counsel, Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, kgutstein@kdvlaw.com, Attn: Keith Gutstein, Esq. Upon Venky's Food Corp.'s counsel's receipt of such notice of breach, Venky's Food Corp. and Chilka shall have ten (10) business days to collectively cure such breach. If such breach is not collectively cured within ten (10) business days, Plaintiffs shall be permitted to file the Affidavit of Confession of Judgment as discussed in paragraph 4 of this Agreement, with the New York County Clerk and/or in a Court of competent jurisdiction located in the State of New York in the amount of One Hundred Fifteen Thousand Dollars and Zero Cents ($115,000.00), less any amounts previously collectively paid by Venky's Food Corp. and Chilka pursuant to this Agreement and less any portion of the Settlement Amount owed to a Plaintiff who has not yet provided a Form W-4 and Form W-9 in accordance with Paragraph 3(g) of this Agreement.

4.      Concurrently with the execution of this Agreement, Chilka, on behalf of himself individually and on behalf of Venky's Food Corp., shall execute and deliver to Plaintiffs' counsel an Affidavit of Confession of Judgment in the form annexed hereto as **Exhibit B**.  The Parties hereby acknowledge and agree that the Affidavit of Confession of Judgment will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time unless if Venky's Food Corp. and Chilka failed to cure any default in accordance with Paragraph 3(e) of this Agreement.  This Affidavit of Confession of Judgment shall replace the Affidavit of Confession of Judgment previously signed by Venky's Food Corp. and Chilka on January 24, 2020, which the Parties agree is now null and void.

5.      Plaintiffs' counsel further warrants that the Affidavit of Confession of Judgment executed concurrently with this Agreement as described in Paragraph 4 of this Agreement will be null and void, annulled, and all copies will be discarded if any of the following occurs: (a) full payment of the Settlement Amount collectively by Venky's Food Corp. and Chilka has been made in accordance with Paragraph 3 of this Agreement; or (b) full payment of the Settlement Amount collectively by Venky's Food Corp. and Chilka has been made in accordance with Paragraph 3 of this Agreement with the exception of any payments owed to a Plaintiff who has forfeited his right to payment of his portion of the Settlement Amount as set forth in Paragraph 3(h) of this Agreement.  In addition, Plaintiffs' counsel will return the original Affidavit of Confession of Judgment to counsel for Venky's Food Corp if and when it becomes null and void as described in this Paragraph.  The Affidavit of Confession of Judgment becoming null and void will have no effect on Venky's Food Corp. or Chilka's other obligations under this agreement nor constitute a waiver of Plaintiffs' rights to enforce this agreement as against Venky's Food Corp. and Chilka.

6.      Venky's Food Corp. and/or Chilka shall issue an IRS tax form W-2 for the portion of the Settlement Amount that constitutes wages and an IRS tax Form 1099 to Plaintiffs and

Michael Faillace & Associates, P.C. for their respective portion of the remainder of the Settlement Amount.  Plaintiffs agree to hold Venky's Food Corp. and Chilka harmless, and indemnify Venky's Food Corp. and Chilka from any payments Venky's Food Corp. and/or Chilka may be required to make to any taxing authority, as a result of the payment of the Settlement Amount.

7.      Plaintiffs promise and represent that they will each withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning Plaintiffs' employment with any of the Releasees, filed with any federal, state and local agencies/administrative body or any judicial forum against any of the Releasees.  Plaintiffs further agree that they will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiffs, Plaintiffs promise and represent that they will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiffs will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.   Nothing herein shall prevent Plaintiffs from filing a charge of discrimination with, or cooperating with an investigation by the EEOC.

8.      Plaintiffs acknowledge that they have each received sufficient consideration as set forth in this Agreement.  Plaintiffs expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed

herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

9.      Plaintiffs each acknowledge that aside from the payments set forth in Paragraph 3 of this Agreement, they are owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, reimbursement for equipment costs, or bonuses.

10.      Plaintiffs each agree that they shall not make any: (a) statement, written, oral or electronic, which in any way disparages any Releasee, any employee Plaintiffs know to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices; or (b) negative statement, written, oral or electronic, about any Releasee, any employee Plaintiffs know to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices. Plaintiffs each further agree to take no action which is intended, or would reasonably be expected, to harm any Releasee, or their reputations or which would reasonably be expected to lead to unwanted or unfavorable publicity to any Releasee.  In addition, Chilka agrees that he shall not make any: (a) statement, written oral or electronic, which in any way disparages any of the Plaintiffs; or (b) negative statement, written, oral or electronic about any of the Plaintiffs.  Chilka also agrees to take no action which is intended, or would reasonably be expected, to harm any of the Plaintiffs, or their reputations or which would reasonably be expected to lead to unwanted or unfavorable publicity to any of the Plaintiffs.  Notwithstanding the provisions of this Paragraph 10, Plaintiffs and Chilka shall each be entitled to provide truthful statements about their experience litigating this Action, about Plaintiffs' claims in this Action, and about the resolution of this Action.

11.     The Parties agree that, in an action arising from any alleged breach by any Party concerning any provision of this Agreement, in addition to any remedies available to Plaintiffs and/or the Releasees in law or equity for a breach thereof, the prevailing party (including any Releasee) shall be entitled to receive reasonable attorney's fees and costs.

12.     Plaintiffs each affirm that they are not a Medicare or Medicaid Beneficiary (defined as any claimant for whom Medicare has paid Conditional Payments for the treatment of injuries arising out of or related to any matter released by this Agreement) as of the date of this Agreement and no conditional payment has been made to or on Plaintiffs' behalf by Medicare or Medicaid.

13.      Plaintiffs further represent that they are not enrolled in a Medicare or Medicaid program and were not enrolled at the time of their employment with Releasees or anytime thereafter through the date of this Agreement.  Plaintiffs further represent and warrant that no Medicare or Medicaid payments have been made to or on behalf of Plaintiffs and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from Plaintiffs' employment with Releasees.  Plaintiffs further agree that they, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.  In the event any action is commenced whereby any Releasee is pursued for payment in connection with the position of any of the Plaintiffs as a Medicare or Medicaid beneficiary, Plaintiffs agree to indemnify Releasees and hold Releasees harmless in full.

14.     The Parties acknowledge that this Agreement does not constitute an admission by Venky's Food Corp. and/or Chilka of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Venky's Food Corp. and/or Chilka that Plaintiffs' claims have merit.

15.    This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

16.    Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims.  Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiffs.

17.    The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

18.    This Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

19.    The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

20.    This Agreement may only be modified, altered or changed in writing, signed by the Parties.

21.    This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.  The Parties agree any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

22.    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which

shall together constitute one and the same instrument. In addition, any scanned copies or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for Venky's Food Corp., Keith Gutstein, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, kgutstein@kdvlaw.com; and counsel for Plaintiffs, Michael Faillace, Esq., Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, (212) 317-1200, facsimile (212) 317-1620, michael@faillacelaw.com.

**IN WITNESS WHEREOF**, Plaintiffs, Venky's Food Corp., and Chilka executed this Amended Settlement and Release Agreement freely and voluntarily.

_____
Andres Yaqui Socop (a/k/a Mario Tujal)

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF _____)

        On _____, 2020, before me personally came Andres Yaqui Socop (a/k/a Mario Tujal), to me known, and known to me to be the individual described in, and who executed the foregoing Amended Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

_____
Pedro De La Luz Martinez

STATE OF NEW YORK       )
                          )s.s.
COUNTY OF _____)

On _____, 2020, before me personally came Pedro De La Luz Martinez, to me known, and known to me to be the individual described in, and who executed the foregoing Amended Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC


_____
Porfidio Mutzutz Xiquin

STATE OF NEW YORK       )
                          )s.s.
COUNTY OF _____)

On _____, 2020, before me personally came Porfidio Mutzutz Xiquin, to me known, and known to me to be the individual described in, and who executed the foregoing Amended Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC


_____
Santos Castillo

STATE OF NEW YORK       )
                          )s.s.
COUNTY OF _____)

On _____, 2020, before me personally came Santos Castillo, to me known, and known to me to be the individual described in, and who executed the foregoing Amended Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

_____

Venky's Food Corp. (d/b/a OM Real Indian Food)
By: Subhash Chilka
Title:

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF _____)

      On _____, 2020, before me personally came Subhash Chilka who acknowledged himself to be a _____ of Venky's Food Corp. (d/b/a OM Real Indian Food), and that he/she, as such, being authorized so to do, executed the foregoing Amended Settlement and Release Agreement for the purposes therein contained, by signing his/her name for Venky's Food Corp. (d/b/a OM Real Indian Food).

_____
NOTARY PUBLIC

_____

Subhash Chilka

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF _____)

      On _____, 2020, before me personally came Subhash Chilka, to me known, and known to me to be the individual described in, and who executed the foregoing Amended Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANDRES YAQUI SOCOP (A/K/A MARIO        Case No.: 19-cv-04631 (PGG)
TUJAL), PEDRO DE LA LUZ MARTINEZ,
PORFIDIO MUTZUTZ XIQUIN, and SANTOS
CASTILLO, *individually and on behalf of others*    **JOINT STIPULATION FOR**
*similarly situated,*    **DISMISSAL WITH PREJUDICE**

                *Plaintiffs,*

    -against-

VENKY'S FOOD CORP. (D/B/A OM REAL
INDIAN FOOD) and RITA SABHARWAL,

                *Defendants.*
------------------------------------------------------------X

      **IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs in the above

captioned action and Venky's Food Corp. (d/b/a OM Real Indian Food) through their undersigned

counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has

been appointed, and no person not a party has an interest in the subject matter of the action, in

accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the

above-captioned action and all claims alleged therein be dismissed with prejudice, with each party

to bear their own fees and costs.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: _____, 2020          Dated: _____, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.          KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Plaintiffs*                    *Attorneys for Venky's Food Corp. (d/b/a OM Real*
                                              *Indian Food)*

By: _____

    Michael Faillace, Esq.                        By:_____
    Gennadiy Naydenskiy, Esq.                             Keith Gutstein, Esq.
60 East 42nd Street, Suite 4510                    Matthew Cohen, Esq.
New York, New York 10165                      135 Crossways Park Drive, Suite 201
(212) 317-1200                                Woodbury, New York 11797
michael@faillacelaw.com                       (516) 681-1100
naydenskiylaw@gmail.com                       kgutstein@kdvlaw.com
                                              mcohen@kdvlaw.com

**SO ORDERED:**

_____
Hon. Paul G. Gardephe, U.S.D.J.

# EXHIBIT B

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK COUNTY**
-----------------------------------------------------------------X
**ANDRES YAQUI SOCOP (A/K/A MARIO TUJAL),**              Index No:
**PEDRO DE LA LUZ MARTINEZ, PORFIDIO**
**MUTZUTZ XIQUIN, and SANTOS CASTILLO,**
*individually and on behalf of others similarly situated,*

                         **Plaintiffs,**

     **v.**

**VENKY'S FOOD CORP. (D/B/A OM REAL INDIAN**
**FOOD) and RITA SABHARWAL,**

                         **Defendants.**
-----------------------------------------------------------------X

## <u>AFFIDAVIT OF CONFESSION OF JUDGMENT</u>

STATE OF NEW YORK          )

                                 )     ss.:

COUNTY OF_____    )

       I, SUBHASH CHILKA, being duly sworn, deposes and says:

     1.     I reside at _____.

     2.     I am an owner of Venky's Food Corp. (d/b/a OM Real Indian Food) ("Venky's Food Corp."), a Defendant in the above-entitled action. I am duly authorized to make this Affidavit of Confession of Judgment on behalf of Venky's Food Corp.

     3.     Venky's Food Corp. maintains its principal place of business at 1593 2nd Avenue, New York, New York 10028.

     4.     On November 15, 2019, Venky's Food Corp. agreed to pay the total sum of One Hundred Thousand Dollars and Zero Cents ($100,000.00) (the "Settlement Amount") in exchange for the dismissal with prejudice of the action in the United States District Court for the Southern District of New York titled *Andres Yaqui Socop (a/k/a Mario Tujal), Pedro De La Luz Martinez, Porfidio Mutzutz Xiquin, and Santos Castillo, individually and on behalf of others similarly*

*situated v. Venky's Food Corp. (d/b/a OM Real Indian Food) and Rita Sabharwal* (Case No. 19-cv-04631 (PGG)).  In furtherance of same, Andres Yaqui Socop (a/k/a Mario Tujal), Pedro De La Luz Martinez, Porfidio Mutzutz Xiquin, and Santos Castillo (collectively the "Plaintiffs") on the one hand, and Venky's Food Corp., and myself on the other hand, executed the Amended Settlement and Release Agreement (the "Agreement"), attached hereto as Exhibit A.

5.      This Affidavit of Confession of Judgment is for a debt justly due to Plaintiffs under the terms of the Agreement, which provides that Venky's Food Corp. and myself are to collectively submit a total sum of One Hundred Thousand Dollars and Zero Cents ($100,000.00) collectively to Plaintiffs which is payable over a period of thirty (30) months as set forth in the Agreement.

6.      Under the terms of the Agreement, if Venky's Food Corp. and myself are in default in the payment of any of the installments of the settlement payment identified in the Agreement, Plaintiffs shall provide ten (10) business days' written notice to counsel for Venky's Food Corp. in accordance with Paragraph 3(j) of the Agreement, of their intent to file this Affidavit of Confession of Judgment with the clerk of any court of competent jurisdiction.  Venky's Food Corp. and myself shall have ten (10) business days from the date of such written notice to remedy our default.  If, and only if, Venky's Food Corp. and myself fail to remedy our default during this ten (10) business day time period, in addition to the Settlement Amount, less any amounts previously collectively paid by Venky's Food Corp. and Chilka and less any portion of the Settlement Amount owed to a Plaintiff who has not yet provided a Form W-4 and Form W-9 in accordance with Paragraph 3(g) of the Agreement, Plaintiffs shall be entitled to a total of Fifteen Thousand Dollars and Zero Cents ($15,000.00) in liquidated damages collectively from Venky's Food Corp. and myself.

7.      If I and/or Venky's Food Corp. fails to remedy its default within ten (10) business days of the sending of such notice to cure, I hereby authorize the entry of this Affidavit of Confession of Judgment to be filed in the Supreme Court of New York, New York County, and further authorize judgment against Venky's Food Corp. and myself, jointly and severally, in the amount of One Hundred Fifteen Thousand Dollars and Zero Cents ($115,000.00), less any payments collectively made by Venky's Food Corp. and myself under the Agreement and less any portion of the Settlement Amount owed to a Plaintiff who has not yet provided a Form W-4 and Form W-9 in accordance with Paragraph 3(g) of the Agreement.

8.      This Affidavit of Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Venky's Food Corp. and myself, including, without limitation, the terms and provisions of the Agreement.

9.     This Affidavit of Confession of Judgment shall be null and void if any of the following occurs: (a) full payment of the Settlement Amount collectively by Venky's Food Corp. and myself has been made; or (b) full payment of the Settlement Amount collectively by Venky's Food Corp. and myself has been made with the exception of any payments owed to a Plaintiff who has forfeited his right to payment of his portion of the Settlement Amount as set forth in Paragraph 3(h) of the Agreement.

_____
Venky's Food Corp. (d/b/a OM Real Indian Food)
By: Subhash Chilka
Title:

STATE OF NEW YORK          )
                                 )s.s.
COUNTY OF _____)

On _____, 2020, before me personally came _____ who acknowledged himself to be a _____ of Venky's Food Corp. (d/b/a OM Real Indian Food), and that he, as such, being authorized so to do, executed the foregoing Affidavit of Confession of Judgment for the purposes therein contained, by signing his name for Venky's Food Corp. (d/b/a OM Real Indian Food).

_____
NOTARY PUBLIC

_____
Subhash Chilka

STATE OF NEW YORK          )
                                 )s.s.
COUNTY OF _____)

On _____, 2020, before me personally came Subhash Chilka, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

4852-6020-4471, v. 1