# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

gnaydenskiy@faillacelaw.com

March 10, 2020

**VIA ECF**
Hon. Paul G. Gardephe
United States District Court
40 Foley Square
New York, New York 10007

MEMO ENDORSED

The parties' settlement agreement is approved by the Court.

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge
   March 6, 2021

    Re: ***Andres Yaqui Socop (a/k/a Mario Tujal), et. al. v. Venky's Food Corp. (d/b/a OM Real Indian Food), et. al.***
       <u>Case No. 19-cv-04631 (PGG)(GWG)</u>

Dear Judge Gardephe:

  This office represents Plaintiffs in the above referenced matter. The parties have agreed to a settlement after attending mediation. A copy of the Settlement and Release Agreement (the "Agreement") is attached hereto as Exhibit A[1]. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## BACKGROUND

  Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), and the New York Labor Law.. Plaintiff also alleged other New York Labor Law claims, including claims for the annual notice and wage statement requirements. Defendant Rita Sabharwal never appeared in this action and Defendant Venky's Food Corp. claims to have no knowledge of anyone by that name.

---

[1] All Parties have agreed to the terms of the Agreement. Once the Agreement has been signed, we will also file the fully executed copy of the Agreement. Accordingly, we request a deadline of 3/13/20 to submit the fully executed agreement.

*Certified as a minority-owned business in the State of New York*

## SETTLEMENT TERMS

Plaintiffs allege that, if they are successful, they could be entitled to back wages of approximately $247,067.35 as their best case scenario, a total which Defendant Venky's Food Corp. strongly disagrees with.  In addition, and perhaps most significantly,  Defendant Venky's Food Corp. contends that it is in the process of closing.  As such, Defendant Venky's Food Corp. contends that it would have significant difficulties paying any judgment and/or any larger settlement amount.  Thus, in order to avoid the legal and factual risks of protracted litigation, including the substantial uncertainty of how much, if anything, Plaintiffs could be awarded at trial, and the substantial risk of attempting to collect an uncollectable judgment, Plaintiffs and Defendant Venky's Food Corp. have agreed to settle this action for the total sum of $100,000.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Therefore, Plaintiffs believe the settlement is reasonable because of the inherent risks of litigation and because of the substantial risk that Defendant Venky's Food Corp. will not be able to withstand a greater judgment.

## ATTORNEYS' FEES

Page 3

Plaintiffs' counsel will receive $33,681.81. To calculate this amount, $523 (for costs) was deducted from the $100,000 settlement amount and then the remaining number was divided by three to determine the contingency fee amount. $523 in costs was then added to the contingency fee amount which represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees)[2].

Courts have ruled that a one-third contingency fee plus costs is reasonable. *Alvarez v Sterling Portfolio Inv. L.P.*, 2017 US Dist LEXIS 206043, at *16 [EDNY Dec. 13, 2017]) (Judge Scanlon ruled that a one-third attorney fee is typical with no requirement for a lodestar cross check); *See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants.*, No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted). Accordingly, here, Plaintiffs' counsel respectfully requests Your Honor approve a one-third contingency fee plus costs to be paid out of the Settlement Amount.

CONCLUSION

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

---

[2] In order to have the 30 payment payout calculations easier, the amount counsel will receive is 19 cents less than the above described calculation.

Page 4

                                                   Gennadiy Naydenskiy

Encls.